UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RAY DAVIS, JR., et al.                    CIVIL ACTION

VERSUS                                    NO: 13-4853

O'BRIEN'S RESPONSE MANAGEMENT,            SECTION: R(3)
LLC

<u>**ORDER AND REASONS**</u>

Defendant O'Brien's Response Management, LLC ("ORM") moves for summary judgment.[1] Plaintiffs do not oppose the motion. For the following reasons, the Court GRANTS ORM's motion.

**I.    Background**

Plaintiffs Ray Davis, Jr. and Henry Johnson filed suit against ORM under general maritime law and the Longshore and Harbor Workers' Compensation Act.[2] They allege that ORM was the "owner, owner pro hac vice, operator and/or charterer" of the M/V SAGE JUANITA, and that Plaintiffs were engaged as maritime workers aboard that vessel.[3] They allege that, on or about June 21, 2010, they were performing their duties when the vessel collided with a boat beacon, causing them to fall to the deck and

---

[1] R. Doc. 18.

[2] R. Doc. 1.

[3] *Id.* at 2.

sustain severe injuries.[4] They allege that "the sole and proximate cause of the accident and their injuries . . . was the unseaworthiness of the vessel and/or negligence and/or failure of the defendants, and their employees, servants and/or agents, in carrying out their obligations and duties."[5]

ORM moves for summary judgment. It argues that it was "neither the owner, owner *pro hac vice*, operator or charterer of the [SAGE JUANITA], was not the employer of either the plaintiffs or the crew of that vessel, and was in no way responsible for the operation or navigation of that vessel when it collided with a beacon thereby allegedly causing injury to plaintiffs."[6] Plaintiffs have filed no opposition to ORM's motion.

## II.  Summary Judgment Standard

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but

---

[4] *Id.* at 2-3.

[5] *Id.* at 3.

[6] R. Doc. 18 at 1.

refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-399 (5th Cir. 2008). The Court must draw reasonable inferences in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quotation marks removed).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence that would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quotation marks removed). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The

3

burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324.

The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *Id.; see also Little*, 37 F.3d at 1075 ("Rule 56 '*mandates* the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'") (quoting *Celotex*, 477 U.S. at 322).

## III. Discussion

To prevail on their claims against ORM, Plaintiffs must establish that ORM was the owner or owner *pro hac vice* of the SAGE JUANTIA or otherwise employed the vessel's crew. *See Workman v. City of New York*, 179 U.S. 552, 573 (1900) ("A recovery can be had *in personam* . . . for a maritime tort when the relation existing between the owner and the master and crew of the vessel, at the time of the negligent collision, was that of master and servant."); *Eskine v. United Barge Co.*, 484 F.2d 1194, 1196 (5th Cir. 1973) (owner *pro hac vice* of vessel may be held liable for damages resulting from unseaworthiness).

ORM offers affidavits from its CEO and Human Resources Manager indicating that, on June 21, 2010, it did not own the SAGE JUANITA, did not have the SAGE JUANITA under charter, did not have direct control over the SAGE JUANITA, and did not employee Davis or Johnson.[7] In addition, it offers evidence that the owner of the vessel was Murvin Gaspard;[8] that, at the time of the accident, Gaspard's son Gage was operating the vessel;[9] and that ORM did not employee either Murvin or Gage Gaspard.[10]

Plaintiffs offer no evidence to show that ORM owned and/or exercised controlled over the SAGE JUANITA or its crew. Indeed, they offer no opposition at all to ORM's motion. Accordingly, the Court finds that ORM is entitled to summary judgment.


## IV. Conclusion

For the foregoing reasons, the Court GRANTS ORM's motion for summary judgment.


New Orleans, Louisiana, this  25th  day of June, 2014.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[7] R. Docs. 18-3, 18-4.

[8] R. Doc. 18-6 at 3; R. Doc. 18-7 at 1; R. Doc. 18-8 at 1.

[9] R. Doc. 18-6 at 2.

[10] R. Doc. 18-4.